NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHELIA BOWE-CONNOR,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2017-2011

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-13-0668-I-1.

---

Decided: November 13, 2017

---

SHELIA BOWE-CONNOR, Laurel, MD, pro se.

ADAM E. LYONS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before DYK, SCHALL, and TARANTO, *Circuit Judges.*

PER CURIAM.

## DECISION

Shelia Bowe-Connor petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the action of the Department of Veterans Affairs ("VA" or "agency") removing her from her position for misconduct. We *affirm*.

## DISCUSSION

### I.

Ms. Bowe-Connor worked as a clinical pharmacist in the inpatient pharmacy at the VA Medical Center in Washington, D.C. Effective May 17, 2013, the agency removed her from her position based upon three charges: (1) causing delay in patients receiving medications; (2) conduct unbecoming; and (3) disrespectful conduct.

Ms. Bowe-Connor appealed her removal to the Board. Following a hearing, the administrative judge ("AJ") to whom the appealed was assigned issued an initial decision sustaining the VA's action. *Shelia Bowe-Connor v. Dep't. of Veterans Affairs*, Case No. DC-0752-13-0668-I-1, 2014 WL 4594583 (M.S.P.B. Sept. 11, 2014) ("*Initial Decision*"). Ms. Bowe-Connor timely petitioned the Board for review. Thereafter, on January 20, 2015, the Board issued a final decision in which it denied the petition for review and, except as modified, affirmed the AJ's initial decision, thereby sustaining Ms. Bowe-Connor's removal. *Shelia Bowe-Connor v. Dep't. of Veterans Affairs*, Case No. DC-0752-13-0668-I-1, 2015 WL 241222 (M.S.P.B. Jan. 20, 2015) ("*Final Decision*"). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).[*]

---

[*] In her petition for review to the Board, in addition to the other arguments she made, Ms. Bowe-Connor

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2012); *Miller v. Fed. Deposit Ins. Corp.*, 818 F.3d 1361, 1365 (Fed. Cir. 2016).

## III.

Ms. Bowe-Connor's main argument on appeal is that the Board incorrectly decided the facts relating to the three charges against her and generally did not take into account the evidence presented. *See* Petitioner's Informal Brief ("Informal Brief"), Questions 2, 5. In making this argument, she contends that the Board ignored "the exhibits that were presented in the case" and what she refers to as "the disability." *Id.* She also contends that the AJ erred in making a credibility determination relating to the charge of "conduct unbecoming." *See* Petitioner's Informal Reply Brief ("Informal Reply Brief"), pp. 8–9. For the following reasons, we are not persuaded by these arguments.

## A.

The charge of causing delay in patients receiving medications (Charge 1) arose out of an incident that occurred

---

raised the affirmative defense of discrimination based upon disability, thereby making this a mixed case. Ms. Bowe-Connor has since abandoned that claim, however. Consequently, there is no bar to our jurisdiction. *See Daniels v. Postal Service*, 726 F.2d 723, 724 (Fed. Cir. 1984).

on January 21, 2013. On that date, the VA alleged, personnel in the surgical intensive care unit (SICU) attempted to reach the inpatient pharmacy by telephone to have a prescription filled. However, Ms. Bowe-Connor, who was on duty at the time, did not answer the phone. *Initial Decision*, pp. 2–3. Nursing Supervisor Theresa Poblete stated that, when she asked Ms. Bowe-Connor why she was not answering the phone, Ms. Bowe-Connor deliberately ignored her and never made eye contact. Ms. Poblete also stated that, when she repeated her question, Ms. Bowe-Connor said in a very irritated tone not to bother her because she was busy inputting medications in the computer. *Id.* The AJ found that the VA had proved this charge, noting that Ms. Bowe-Connor "did not deny that her failure to answer the phones in the pharmacy on the night in question caused a delay in patients' receipt of their prescribed medications . . . ." *Id.*, p.3.

The charge of conduct unbecoming (Charge 2) involved an incident that occurred on February 16, 2013. That day, Dr. Babatunde Osun, a clinical pharmacist who was working in the SICU, called the inpatient pharmacy because a nurse had reported to him that a critically ill surgical patient's intravenous (IV) drip of the medication Versed was almost empty, and a refill ordered two hours earlier from the pharmacy still had not been delivered. *Initial Decision*, pp. 3–4. Dr. Osun testified that, when he telephoned the pharmacy and requested the medication "STAT," Ms. Bowe-Connor answered the phone and told him that he should not be requesting orders "STAT" and that she argued with him when he reiterated that he had an urgent need for the medication. *Id.* Dr. Osun stated that he thus had to leave the SICU and go downstairs to the pharmacy in person, prepare the IV medication himself, and bring it upstairs for the patient in the SICU. *Id.*, p. 4. The AJ found that the agency also had proved this charge. The AJ noted that Ms. Bowe-Connor did not deny the portion of the charge that she argued with Dr. Osun

about whether the IV medication could be dispensed STAT. *Id.*, p. 4. In addition, the AJ rejected Ms. Bowe-Connor's testimony at the hearing that she in fact filled the request for the IV medication herself. In doing so, the AJ found Dr. Osun's testimony as to what happened on February 16 more credible than that of Ms. Bowe-Connor. *Id.*

Disrespectful conduct, the third charge against Ms. Bowe-Connor, was based upon an incident that occurred on January 24, 2013. Lucy Hilliard-Brown, the inpatient pharmacy supervisor, testified that, on that day, she alerted her supervisor, Linwood Moore, the associate director of the pharmacy, that she needed additional help because there was a shortage of available pharmacy technicians. Responding, Mr. Moore sent Mabelyn Mijango, who usually worked in the outpatient pharmacy, to assist in the inpatient pharmacy. Ms. Bowe-Connor, however, disputed the choice of Ms. Mijango, arguing with both Ms. Hilliard-Brown and Mr. Moore. Mr. Moore testified that Ms. Bowe-Connor loudly and disrespectfully questioned Ms. Hilliard-Brown and him as to why an inexperienced individual had been assigned to help out in the inpatient pharmacy when she would have preferred another, more capable technician instead. *Initial Decision*, pp. 5–6. The AJ found that the VA had proved this charge too. The AJ noted that Ms. Bowe-Connor did not deny the charge. The AJ also found that the testimony of Ms. Hilliard-Brown and Mr. Moore as to what happened on January 24 was more credible than that of Ms. Bowe-Connor. *Id.*, p. 6.

Review of the record reveals that, contrary to Ms. Bowe-Connor's contentions, both the AJ, *see Initial Decision*, pp. 2–6, and the Board, *see Final Decision*, pp. 4–6, considered and weighed all of the evidence pertinent to the three charges brought by the VA. Ms. Bowe-Connor has failed to identify any document that the AJ and the Board failed to consider, and she has not demonstrated

that the AJ and the Board failed to consider what she has referred to as "the disability." As best we can understand it, Ms. Bowe-Connor's claim on this point is that the AJ and the Board failed to take into account the way in which an unnamed disability she suffers impeded her work performance and thus was a factor in the events that led to the charges against her. *See* Informal Reply Brief, pp. 7, 9–11. However, aside from the fact that she only makes passing references to this matter in her briefing before us, she provides us with no citations showing where she raised it before the AJ and the Board. Quite simply, Ms. Bowe-Connor's real complaint is that the Board weighed the evidence and came to the wrong conclusion in her case. This is not a reason to set aside the Board's decision, however. We have stated that "'the evaluation of and weight to be given to . . . [the] evidence in the record are judgment calls that rest primarily within the discretion of the Board.'" *Koenig v. Dep't of the Navy*, 315 F.3d 1378, 1381 (Fed. Cir. 2003) (quoting *Hall v. Dep't of the Treasury*, 264 F.3d 1050, 1060 (Fed. Cir. 2001)). Ms. Bowe-Connor has not demonstrated why we should reject the Board's assessment of the evidence. In short, we have no difficulty concluding that the decision of the Board in this case is supported by substantial evidence.

## B.

The final piece of Ms. Bowe-Connor's main argument is her claim that the AJ made an erroneous credibility determination relating to the charge of conduct unbecoming. Because she contends that she did, in fact, fill the IV medication request for the SICU, Ms. Bowe-Connor challenges the AJ's acceptance of Dr. Osun's contrary testimony. We reject her claim. The AJ thoroughly explained why he found Dr. Osun more credible than Ms. Bowe-Connor:

> *Initial Decision*, p. 4. Credibility determinations
> His demeanor on the witness stand was calm and

> steady, whereas the appellant was argumentative and overly adamant, consistent with the argumentative conduct described in [the charge of conduct unbecoming.] In addition, Dr. Osun had no reason to fabricate his testimony, which directly contradicted that of the appellant, who had an obvious reason to give false testimony, since her job was at stake.

such as this by the AJ are "virtually unreviewable . . . ." *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986) (citing *DeSarno v. Dep't of Commerce*, 761 F.2d 657, 661 (Fed. Cir. 1985); *Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed. Cir. 1985); also citing *Anderson v. City of Bessemer City, N.C.*, 105 S. Ct. 1504, 1513 (1985)). Ms. Bowe-Connor has not provided us with a reason to overturn the AJ's credibility determination.

## IV.

Ms. Bowe-Connor makes several additional arguments. We address them in turn.

## A.

Ms. Bowe-Connor argues that the Board failed to take into account her union's collective bargaining agreement and that, in removing her, the VA violated the terms of the agreement. We disagree.

Before the Board Ms. Bowe-Connor claimed that the VA committed harmful procedural error when it failed to conduct a fair and impartial investigation concerning the events that led to the charges against her, as required by the collective bargaining agreement. Both the AJ and the Board, however, fully considered this claim. *See Initial Decision*, pp. 7–8; *Final Decision*, pp. 8–9. The AJ found that the action taken against Ms. Bowe-Connor "was based on contemporaneous written statements from several witnesses" and that the deciding official "reviewed the entire evidentiary file, along with the appellant's oral

and written replies, before concluding that the charges were proven." *Initial Decision*, p. 8. In her petition for review, Ms. Bowe-Connor argued that the VA violated the collective bargaining agreement and committed harmful procedural error when, before it proposed her removal, it failed to provide her with "supervisory notes and reports of contact." *Final Decision*, p. 8. The Board rejected this contention because it concluded that Ms. Bowe-Connor had failed to show how the agency's failure to provide her with these documents amounted to harmful procedural error. *Id.*, p. 9. The Board stated, "[a]lthough the appellant vaguely asserted at the hearing that her ability to view these documents may have changed the result in this case, [ ] we do not find that this failure by the agency caused it to reach a different conclusion than it otherwise would have." *Id.* In view of the substantial evidence presented by the VA in support of the charges against Ms. Bowe-Connor, we see no error in the Board's ruling.

B.

Ms. Bowe-Connor's remaining arguments on appeal relate to the penalty that was imposed upon her. She contends that, in removing her, the VA failed to take into account her years of service with the agency. She also contends that her removal amounted to disparate treatment. We see no merit in either of these arguments.

When it disciplines an employee, in addition to proving the merits of the charge(s) involved, an agency must demonstrate that the penalty imposed promotes the efficiency of the service and is reasonable. 5 U.S.C. §§ 7701(c)(1)(B) and 7513(a); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 303 (1981). In *Douglas*, the Board set forth the factors to be considered in determining whether a penalty is reasonable, and this Court has approved use of the *Douglas* factors. *See Weston v. U.S. Dep't of Hous. & Urban Dev.*, 724 F.2d 943, 950 (Fed. Cir. 1983). One of the *Douglas* factors is the employee's past

work record, including length of service. *Douglas*, 5 M.S.P.R. at 305. The evidence of record shows that, in deciding on the penalty of removal, the deciding official took into account the pertinent *Douglas* factors, including Ms. Bowe-Connor's length of service with the agency. *See* p. 88 of the Appendix attached to the Government's Informal Brief. Moreover, in both their respective decisions, the AJ and the Board explained why Ms. Bowe-Connor's conduct merited the penalty of removal. *See Initial Decision*, p. 7; *Final Decision*, pp. 6–7.

We turn finally to Ms. Bowe-Connor's claim of disparate treatment. To establish disparate treatment, a disciplined employee must show that there is enough similarity between both the nature of the misconduct charged and other pertinent factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *Lewis v. Dep't of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010); *see Miskill v. Soc. Sec. Admin.*, 863 F.3d 1379, 1384 (Fed. Cir. 2017). The Board rejected Ms. Bowe-Connor's claim of disparate treatment. It did so because it found that neither of the two agency employees to whom Ms. Bowe-Connor pointed had engaged in conduct consistent with the charge of causing a delay in patient medications or had histories of discipline similar to hers. *Final Decision*, p. 8. Ms. Bowe-Connor has not demonstrated how the Board's findings on disparate treatment are not supported by substantial evidence. In sum, Ms. Bowe-Connor has not demonstrated error in the Board's affirmance of the VA's penalty.

CONCLUSION

For the foregoing reasons, the Board's *Final Decision* is affirmed.

**AFFIRMED**

COSTS

No costs.