**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC WILLIAMS,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
DC-3330-16-0292-B-1

DATE: August 25, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric Williams, North Charleston, South Carolina, pro se.

Kiley Anne Holshey, Norfolk, Virginia, for the agency.

James M. Metcalfe, Portsmouth, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act (VEOA) of 1998. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      In July 2015, the appellant applied for a GS-9/11 Contract Specialist position advertised under vacancy ID 1460254 (job announcement number EA51102-12-1460254LZ122318D). *Williams v. Department of the Navy*, MSPB Docket No. DC-3330-16-0292-I-1, Initial Appeal File (IAF), Tab 1 at 9, 16. After receiving the referral certificates, however, the agency decided to fill the position using the Expedited Hiring Authority (EHA) program[2] and did not select any candidate from the referral certificates. IAF, Tab 6 at 6. The appellant subsequently received notice indicating that the agency had "cancelled this vacancy."[3] IAF, Tab 1 at 9. The appellant filed a complaint with the Department

---

[2] Under the EHA program, agencies are authorized "to recruit and appoint qualified persons directly to positions [designated by the Secretary of Defense]" "as positions for which there exists a shortage of candidates or there is a critical hiring need." 10 U.S.C. § 1705(f). The agency submitted internal guidance reflecting that contracting positions within the Defense Acquisition Workforce have been designated as positions that may be filled using the EHA program under section 1705(f). IAF, Tab 6 at 17.

[3] During the hearing, the agency's Human Resource Specialist clarified that the agency did not "cancel" the vacancy announcement. *Williams v. Department of the Navy*,

of Labor (DOL) alleging that the agency violated his veterans' preference rights in failing to select him for the Contract Specialist position. *Id.* at 1. On January 5, 2016, DOL notified him that it had determined that the evidence did not support his allegation that the agency violated his veterans' preference rights, informed him of his right to appeal the determination to the Board, and closed its investigation into his complaint. *Id.* at 1-3.

¶3 The appellant timely filed a VEOA appeal with the Board and requested a hearing.[4] IAF, Tab 1. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision. The appellant petitioned for review of the initial decision, and the Board found that he had established jurisdiction over his VEOA appeal and remanded the appeal for further adjudication. *Williams v. Department of the Navy*, MSPB Docket No. DC-3330-16-0292-I-1, Remand Order (Aug. 12, 2016). After holding a hearing, the administrative judge issued a remand initial decision denying the appellant's request for corrective action on the merits. *Williams v. Department of the Navy*, MSPB Docket No. DC-3330-16-0292-B-1, Remand File (RF), Tab 12, Remand Initial Decision (RID). The appellant has filed a petition for review of the remand initial decision, the agency has

MSPB Docket No. DC-3330-16-0292-B-1, Remand File, Tab 9, Hearing Compact Disc (testimony of Human Resource Specialist). Rather, she explained that the hiring officials returned the referral certificates to human resources without action after deciding not to select any candidate from the referral certificates. *Id.*

[4] The appellant subsequently attempted to challenge his nonselection for the Contract Specialist position under job announcement number EA51102-12-1460254LZ122318D in another VEOA appeal, which the administrative judge dismissed as barred by collateral estoppel. *See Williams v. Department of Navy*, MSPB Docket No. AT-3330-16-0663-I-1, Initial Decision (Aug. 4, 2016). The initial decision became the final decision of the Board when neither party petitioned for review. He also filed an appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994, alleging that his nonselection for this position was based on his uniformed service, which is currently pending before the Board on the appellant's petition for review following issuance of an initial decision. *See Williams v. Department of Navy*, MSPB Docket No. AT-4324-16-0662-I-1, Initial Decision (Aug. 29, 2016).

responded in opposition, and the appellant has replied to the agency's response. *Williams v. Department of the Navy*, MSPB Docket No. DC-3330-16-0292-B-1, Remand Petition for Review (RPFR) File, Tabs 1, 3, 5. The appellant also filed a motion for leave to submit additional evidence. PFR File, Tab 6. In this motion, the appellant is seeking leave to submit "a one page written statement" regarding an exhibit which was provided on appeal, which the appellant admits is "not new information but expands on information already provided." *Id.* The Board will not consider evidence raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has made no such showing here. Accordingly, the appellant's motion for leave is denied.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 The Board has jurisdiction over two types of VEOA claims: (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference. *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3304(f)(1), 3330a(a)(1)(B), (right-to-compete claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015). The appellant has raised both types of claims here.

¶5 To establish Board jurisdiction over a right-to-compete VEOA claim, the appellant must show that he exhausted his remedy with DOL and make nonfrivolous allegations as to the following factors: (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004; and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5

(2010). To establish Board jurisdiction over a veterans' preference claim, the appellant must show that he exhausted his remedy with DOL and make nonfrivolous allegations as to the following factors: (i) he is a preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016). To prevail on the merits in a right-to-compete or veterans' preference claim, the appellant must prove the jurisdictional elements by preponderant evidence. *See Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶¶ 10, 19 (2010).

¶6    Previously, the Board found that the appellant established jurisdiction over his right-to-compete and veterans' preference claims by proving that he exhausted his remedy with DOL and making the following nonfrivolous allegations: (1) he was a preference eligible; (2) the events took place after the enactment dates mentioned above; and (3) the agency denied him the right to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce and violated his rights under a statute or regulation relating to veterans' preference. *Williams*, MSPB Docket No. DC-3330-16-0292-I-1, Remand Order at ¶¶ 12, 18. After holding a hearing, however, the administrative judge concluded that the appellant failed to establish his right-to-compete claim or his veterans' preference claim by preponderant evidence. RID at 6-19. For the reasons set forth below, we agree.

The administrative judge correctly determined that the appellant failed to prove his right-to-compete claim by preponderant evidence.

¶7    Pursuant to 5 U.S.C. § 3304(f)(1), agencies must afford preference eligibles and other covered individuals "the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." The

requirement that agencies afford covered individuals the right to compete pursuant to 5 U.S.C. § 3304(f)(1) is not limited merely to situations in which an agency elects to use merit promotion procedures but, rather, is triggered when an agency accepts applications from individuals outside its own workforce. *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 7 (2016). An agency may violate a covered individual's right to compete under section 3304(f)(1) when it deprives him of the right to apply by filling a position without the required public notice. *Id.*, ¶ 5.

¶8        Here, it is undisputed that the agency accepted applications from individuals outside of its own work force to fill the Contract Specialist vacancies and that the appellant applied to, but was not selected for, the position. IAF, Tab 1 at 9, Tab 6 at 6-7. He argued, however, that he was denied the right to compete for this position because the agency failed to follow its internal guidance to specify that the position would be filled using the EHA program in the vacancy announcement and failed to coincide its recruitment efforts under the EHA program with an open vacancy announcement. RF, Tab 2 at 1-2, Tab 6 at 3-6, Tab 10 at 2-5.

¶9        The agency's Expedited Hiring Authority for Select Acquisition Positions Pilot Guidance (EHA Guidance) provides that the agency may use the EHA program to fill select acquisition positions and describes the procedures and requirements for doing so. IAF, Tab 6 at 16-21. In relevant part, the EHA Guidance states that a vacancy announcement must be advertised on the USAJOBs website to satisfy public notice requirements and that the announcement must, among other things, identify use of the EHA program. *Id.* at 18. Selections under the EHA may be made from a referral certificate comprised of applications submitted through the vacancy announcement or through a name request, which enables hiring managers to appoint qualified candidates identified through their own targeted recruitment methods. *Id.* at 19. When using the referral certificate method, hiring managers must give

preference-eligible candidates first consideration. *Id.* When using the name request method, hiring managers must submit a "name request" Request for Personnel Action to human resources, who will verify the candidate's qualifications and review the vacancy announcement for eligible applicants under the Interagency Career Transition Assistance Program (ICTAP). *Id.* at 19-20. Hiring managers also may make on-the-spot tentative job offers at job fairs and other recruiting events under the EHA program, provided that public notice requirements have been met and priority programs have been cleared. *Id.* at 20. Such selectees are handled in the same manner as a name request. *Id.* The EHA Guidance further states that job fair and recruiting events must coincide with either a short-term or long-term vacancy announcement to meet public notice requirements. *Id.* at 18.

¶10    At the hearing, the Contract Resource and Policy Division Manager testified that the agency used the name request method to fill the Contract Specialist positions under the EHA and that it obtained the names of the candidates from targeted recruitment efforts at job fairs and from referrals from current employees and other agency contracting offices. RF, Tab 9, Hearing Compact Disc (HCD) (testimony of Division Manager). A Supervisory Human Resources Specialist (HR Specialist) testified that the agency satisfied public notice requirements here by advertising the position under vacancy announcement number EA51102-12-1460254LZ122318D from July 20, 2015, to July 30, 2015. HCD (testimony of HR Specialist); IAF, Tab 1 at 16-25. Although she acknowledged that the vacancy announcement did not identify use of the EHA program, as required by the agency's EHA Guidance, she asserted that this requirement was merely administrative and had no effect on the appellant's ability to compete for the position. HCD (testimony of HR Specialist). She explained that the appellant did apply for the position but that he was not referred to the hiring official because only Best-Qualified candidates were referred, and the appellant was rated as Well Qualified on the basis of his self-assessment. *Id.*

¶11 In the remand initial decision, the administrative judge found that the agency established the following: (1) it had the authority to fill, and did fill, the Contract Specialist positions using the EHA name request method; (2) it obtained the names of the applicants through target recruitment efforts, including job fairs and name referrals; and (3) that, while the agency acknowledged that the vacancy announcement did not identify use of the EHA authority, the appellant had not established that he was harmed by the omission. RID at 19. The appellant challenges these findings on review, arguing again that the agency failed to comply with its internal guidance for hiring under the EHA program and failed to provide adequate public notice for new Contract Specialist hires under the EHA program from December 2015 through July 2016. RPFR File, Tab 1 at 4-5, Tab 5 at 5-6, 9, 13-17.

¶12 VEOA does not guarantee the preference-eligible appellant a position; the statute only affords him the right to compete for the position. *See Abell v. Department of the Navy*, 92 M.S.P.R. 397, 400-01 (2002), *aff'd*, 343 F.3d 1378 (Fed. Cir. 2003). In this case, it is undisputed that the appellant had an opportunity to, and did, apply for the Contract Specialist position. RF, Tab 7 at 96. The HR Specialist testified that human resources reviewed the appellant's application but that, on the basis of his self-assessment score, he was not rated Best Qualified, and his application was not referred to the hiring official. HCD (testimony of HR Specialist); RF, Tab 7 at 106-07. Because the appellant was permitted to apply for the position and was considered, he has received the right to compete to which he is entitled under VEOA. *See Abell*, 92 M.S.P.R. at 400-01 (stating that "5 U.S.C. § 3304(f) permits the appellant and others in like circumstances to apply, but otherwise they receive no special treatment in the process of filling a position under merit promotion procedures"). Therefore, although the appellant has identified potential public notice problems with the

vacancy announcement,[5] he has failed to show by preponderant evidence that the agency denied him the right to compete. Accordingly, we find no basis to disturb the administrative judge's determination that the appellant failed to establish his right-to-compete claim.

The administrative judge correctly determined that the appellant failed to prove his veterans' preference claims by preponderant evidence.

¶13     The appellant also raised a veterans' preference claim, alleging that the agency failed to credit him with all experience and education material to the position pursuant to 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) and selected nonpreference eligibles over him, a preference eligible, in violation of the pass-over procedures of 5 U.S.C. § 3318. RF, Tab 2. To prevail in a veterans' preference claim under VEOA, the appellant must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights in its selection process. *Graves*, 114 M.S.P.R. 209, ¶ 10. Generally, in filling a vacancy in the competitive service, an agency must select from among the three, top-ranked candidates referred for consideration, and it may not "pass over" a preference eligible to

---

[5] The HR Specialist testified that the agency has since corrected the vacancy announcements to identify, when appropriate, the use of the EHA program to fill the Contract Specialist positions. HCD (testimony of HR Specialist). Nonetheless, the agency's failure to identify the use of the EHA program to fill the Contract Specialist positions in the vacancy announcement at issue is troubling, as is the fact that the agency contends that it relied on the vacancy announcement for public notice for 120 days even though it appeared to all potential preference-eligible applicants on USAJOBs that the vacancy announcement was closed or canceled. IAF, Tab 1 at 9, 16-26. While the EHA Guidance provides that vacancy announcements that are "currently open or that have closed within the previous 120 days can be used to identify any ICTAP eligible candidates," IAF, Tab 6 at 19-20, the agency has not provided any authority to support its contention that a closed vacancy announcement satisfies all public notice requirements for 120 days and allows the agency to hire during that time under the EHA program. However, because we find that the appellant was afforded an opportunity to compete in this particular case, we need not address the agency's public notice deficiencies further.

select a candidate not entitled to preference. 5 U.S.C. § 3318(a); *Goodin v. Department of the Army*, 123 M.S.P.R. 316, ¶ 3 n.1 (2016).

¶14    On remand, the administrative judge found that the appellant did not prove that the agency violated his veterans' preference rights by failing to credit him with all material experience and education. RID at 8-12. In so finding, she credited the HR Specialist's testimony that the appellant's answers to the Occupational Questionnaire placed him in the "Well Qualified" category of applications and that, in accordance with Category Rating procedures, his application was not referred to the hiring official because a sufficient number of "Best Qualified" applicants had applied for the position. RID at 12; HCD (testimony of HR Specialist). The appellant does not challenge this finding on review, RPFR File, Tabs 1, 5, and we find no basis to disturb it. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶15    The administrative judge also found that the appellant failed to show that the agency violated the pass-over procedures of section 3318. RID at 12-13. Specifically, she found as follows: (1) the agency did not make any selection from the referral certificates, which it returned without action; and (2) the agency filled the Contract Specialist positions using the EHA name request method, which permits agencies to appoint qualified individuals without regard to veterans' preference rights. The appellant generally challenges this finding on review. *E.g.*, RPFR File, Tab 1 at 3-4, 8, 10, 12-13, 15, Tab 5 at 8, 12.

¶16    First, we agree with the administrative judge that the appellant failed to show that the agency violated the pass-over procedures of section 3318 by selecting a nonpreference eligible over him, a preference eligible, because, as discussed above, the agency did not select any candidate referred under the

vacancy announcement. *See Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) (finding that an agency did not violate a preference-eligible veteran's right to compete under VEOA when it canceled a vacancy announcement); *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶ 10 (2002) (finding that an agency is not required to fill a particular vacancy and does not violate an applicant's veterans' preference rights when it chooses not to make a selection), *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶17     Second, we agree with the administrative judge that the agency did not violate the appellant's veterans' preference rights when it appointed nonpreference eligibles to the Contract Specialist positions under the EHA program through the name request method. Under 10 U.S.C. § 1705(f), for purposes of 5 U.S.C. § 3304 and other statutes not implicated here, the Secretary of Defense may "designate any category of positions in the acquisition workforce as positions for which there exists a shortage of candidates or there is a critical hiring need," and he may use the authorities in such sections to recruit and make direct hires. 10 U.S.C. § 1705(f)(1)-(2). Section 3304(a)(3) of title 5, in turn, provides authority for agencies to hire candidates "without regard to the provision of sections 3309 through 3318" for positions for which public notice has been given and for which the Office of Personnel Management has determined "that there exists a severe shortage of candidates . . . or that there is a critical hiring need." 5 U.S.C. § 3304(a)(3). Considering these statutes together, we find that appointments under the EHA name request method may be made without regard to veterans' preference, including the pass-over procedures under section 3318. *See Isabella v. Department of State*, 109 M.S.P.R. 453, ¶ 12 (2008) (noting that "[t]he Supreme Court has instructed that when courts are confronted with statutes capable of coexistence, it is the duty of courts to regard each as effective"). Therefore, the agency was not obligated to comply with the pass-over provisions under section 3318 when it filled the Contract Specialist positions, and the appellant has failed to prove a violation of his veterans' preference rights.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        /s/ for
                                      _____
                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.