**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**


ERIC WILLIAMS,
              Appellant,

      v.

DEPARTMENT OF DEFENSE,
              Agency.

DOCKET NUMBER
AT-3330-18-0517-I-1

DATE: August 26, 2022


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric Williams, North Charleston, South Carolina, pro se.

Sally R. Bacon, Esquire, Fort Belvoir, Virginia, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act (VEOA) of 1998. On petition for review, he argues that the administrative judge erred in finding that the agency did not violate his veterans'

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

preference rights by removing him from consideration without prior notice and approval, passing him over, placing him in a "not-qualified" category, failing to certify enough names for the hiring official's consideration, failing to consider his application, and imposing a minimum education requirement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider the appellant's claims that the agency failed to certify enough names for the hiring official's consideration, failed to consider his application before finding him unqualified for the position, and improperly imposed an education requirement, we AFFIRM the initial decision.

¶2        On review, the appellant reasserts that the agency violated 5 U.S.C. § 3317(a) because it did not prove that it certified at least three names for each of the locations identified in the vacancy announcement. Petition for Review (PFR) File, Tab 1 at 4. The administrative judge addressed this argument below, finding that, even if 5 U.S.C. § 3317(a) were a veterans' preference statute, the appellant did not show that the agency violated his veterans' preference rights thereunder because he was not qualified for the position. Initial Appeal File (IAF), Tab 15, Initial Decision at 5; *see generally Easter v. Department of the Army*, 99 M.S.P.R. 288, ¶ 8 (2005) (explaining that VEOA does not provide that

veterans will be considered eligible for positions for which they are not qualified).  While we agree that the appellant was unqualified for the position, we resolve this issue on alternative grounds.

¶3        For positions in the competitive service, a certificate must include enough names "from the top of the appropriate register to permit a nominating or appointing authority . . . to consider at least three names for appointment to each vacancy."  5 U.S.C. § 3317(a).  The Board has found that an agency's failure to apply section 3317(a) constituted a violation of an appellant's veterans' preference rights.  *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 245, ¶¶ 18-20 (2010).  The requirements of 5 U.S.C. §§ 3308 through 3318 apply to excepted service examinations.  5 U.S.C. § 3320; *see* 5 U.S.C. § 3319(c)(1) (providing that "[a]n appointing official may select any applicant in the highest quality category or, if fewer than 3 candidates have been assigned to the highest quality category, in a merged category consisting of the highest and the second highest quality categories").  To the extent that the agency was required to provide at least three names of qualified individuals to the selecting official for consideration for each vacancy when filling the excepted service position at issue using category rating, we find that the agency met this requirement.  The record reflects that the agency considered seven candidates from the highest category to fill the two vacancies.  IAF, Tab 8 at 8, 22.  We therefore modify the initial decision to find that the agency complied with the requirements of section 3317(a), and thus, the appellant did not prove that the agency violated his veterans' preference rights in this regard.

¶4        The administrative judge did not address the appellant's remaining two arguments in the initial decision—that the agency failed to consider his application and improperly imposed a minimum education requirement.  PFR File, Tab 1 at 6, 9.  We find that this error is harmless because these arguments do not provide a basis for granting the petition for review.  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (explaining that the

administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶5     As a preference eligible, the appellant is entitled to have all of his relevant, material experience considered when experience is a qualification measure. 5 U.S.C. § 3311; *Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009) (explaining that, "[a]t the very least, 'credited' must mean 'considered'"); 5 C.F.R. § 302.302(d).   The record reflects that the Defense Acquisition University (DAU) hiring panel considered the appellant's application materials before finding him not qualified for the position.  IAF, Tab 8 at 8.  The appellant has not identified any evidence showing otherwise.  Instead, he requests an independent review of his application to determine whether he qualified under the standards of the Office of Personnel Management (OPM).  PFR File, Tab 1 at 6.   However, the Board's review is limited to assessing whether the agency considered all of an appellant's experience that is material to the position; how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal.  *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 9 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016); *see* 5 U.S.C. § 3311(2); 5 C.F.R. § 302.302(d).  Accordingly, we find that the appellant did not prove that the agency violated his veterans' preference rights under 5 U.S.C. § 3311 and 5 C.F.R. § 302.302(d).

¶6     Finally, the agency is statutorily restricted from including minimum education requirements for an examination in the excepted service.  *Dean v. Department of Labor*, 808 F.3d 497, 506 (Fed. Cir. 2015); *see* 5 U.S.C. § 3308 (setting forth the minimum education restriction in competitive service examinations); 5 U.S.C. § 3320.  Pursuant to OPM's implementing regulations, "[a]n agency shall not include a minimum educational requirement in *qualification standards*, except for a scientific, technical, or professional position the duties of which the agency decides cannot be performed by a person who does not have a prescribed minimum education."   5 C.F.R. § 302.202 (emphasis

added).  As the U.S. Court of Appeals for the Federal Circuit concluded, "OPM's regulations do not prohibit a minimum educational requirement as a *program eligibility* condition."  *Dean*, 808 F.3d at 508 (emphasis in original).  Here, the agency did not impose an educational requirement to be qualified for the position but, rather, to be eligible for the position's pay band, Pay Band B.[2]  IAF, Tab 8 at 7-8, 25-26; *see generally Dean*, 808 F.3d at 506-08 (finding that the agency did not violate section 3308 when filling an excepted service position for which there was no examination because the requirement that the appellant be a recent graduate was an eligibility requirement for the Recent Graduate Program in general and not a qualification standard for the Recent Graduates Wage and Hour Specialist position).  The agency found the appellant ineligible for Pay Band B based on his lack of skills, education, and experience.  IAF, Tab 8 at 8.  It is undisputed that he did not meet all of the eligibility requirements.  IAF, Tab 8 at 7-8, 13-20, 25-26.  Accordingly, we find that the appellant did not prove that the agency violated his veterans' preference rights under 5 U.S.C. § 3308 and 5 C.F.R. § 302.202 by imposing minimum education standards for Pay Band B.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[2] Congress authorized the agency to create an alternative pay band for DAU employees. *See* 10 U.S.C. § 1746(b)(4) (providing that the Secretary of Defense may prescribe the compensation of DAU employees).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.