# United States Court of Appeals for the Federal Circuit

———————————

**ROBERT MICHAEL MILLER,**
*Petitioner*

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
*Respondent*

———————————

2014-3146

———————————

Petition for review of the Merit Systems Protection Board in No. SF-3330-12-0711-I-1.

———————————

Decided: April 8, 2016

———————————

ROBERT MICHAEL MILLER, Fairfax, VA, pro se.

CORINNE ANNE NIOSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

———————————

Before NEWMAN, O'MALLEY, and CHEN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Robert M. Miller appeals the decision of the Merit Systems Protection Board (MSPB or Board) denying his request for remedial relief under the Veterans Employment Opportunities Act (VEOA).[1] We modify the Board's reasoning, but conclude that a VEOA violation is not shown on the modified reasoning. Accordingly, the decision is *affirmed*.

## BACKGROUND

Mr. Miller served on active military duty from June 2003 until July 21, 2007, and has a Veterans Administration disability rating of 60 percent. The issue on appeal relates to Mr. Miller's non-selection for an advertised position with the FDIC, his employer. He attributes the non-selection to failure of the FDIC to fully consider his work experience under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d).

Mr. Miller holds a Bachelor's degree in Mathematics and Economics, a Master's degree in Economics, and a Ph.D. degree in Economics. While obtaining his graduate degrees, Mr. Miller served as a Teaching Assistant in the Economics Department at the University of Illinois-Urbana. He has also served as a Visiting Economics Lecturer at the University of Kentucky, an Associate Professor with the ROTC program at the University of California-Berkeley, and Dean of Academic Affairs at a small college. Since 2008 Mr. Miller has been employed as an Economics Analyst in the FDIC's Division of Research in San Francisco, California. He entered at the GS-9 level and has progressed to the GS-12 level.

---

[1]  *Miller v. FDIC*, 121 M.S.P.R. 88 (2014).

On September 12, 2012, the FDIC posted a vacancy announcement for a GS-14 position as Associate Professor of Leadership and Management at the FDIC's Corporate University. The series and grade for the position is CG-1701-14, signifying that the position is within the Office of Personnel Management's (OPM) Education occupational series. The basic education requirements for the position, as described in the job posting, are:

> A degree that included or was supplemented by major study in education or in a subject-matter field appropriate to the position, such as leadership, management, or organizational behavior.
>
> OR
>
> Combination of education or experience – courses equivalent to a major in education, or in a subject matter field appropriate to the position described above, plus appropriate experience or additional course work that provided knowledge comparable to that normally acquired through the successful completion of the 4-year course of study described above.

According to OPM standards, twenty-four semester hours is considered equivalent to a major field of study. OPM, *Group Coverage Qualification Standards: Professional and Scientific Positions*, *available at* https://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-standards/#url=GS-PROF.

Mr. Miller submitted an application for the Associate Professor position, stating on his application that he met the education requirement by a combination of education and experience. After reviewing his application, Human Resources Specialist Patty Evans told Mr. Miller that his application materials did not demonstrate that he met the education requirements for the position. Ms. Evans

invited Mr. Miller to submit additional information in support of his qualifications.

Mr. Miller responded with a description of his military training and experience. Ms. Evans reiterated that the education requirement for the position could only be met through twenty-four semester hours of coursework in education, leadership, management, or organizational behavior, completed at an accredited educational institution. Mr. Miller responded by submitting unofficial transcripts and recommended guidance from the American Council on Education (ACE) on the award of credits for military training and coursework when applied toward an accredited degree program.

Ms. Evans forwarded the information to subject-matter expert Catherine Hand. Like Ms. Evans, Ms. Hand concluded that Mr. Miller did not meet the necessary education requirements. Mr. Miller was notified that he was not eligible for the position. He requested reconsideration, and Ms. Evans forwarded the reconsideration request to another Human Resources Specialist, Bonnie Senft. Ms. Senft asked Ms. Hand to review Mr. Miller's application materials, and Ms. Hand again concluded that he did not meet the minimum education requirements. Ms. Senft also researched the ACE guidance, and determined that Mr. Miller's military credits were not accredited, because his military training and coursework were never applied to a degree program; the credits are only guidance, and not deemed accredited.

In response, Mr. Miller stated: "I believe this is one of those rare occasions where I may not meet the exact educational requirement for the particular series, but I am demonstrably well qualified to perform work in the series because of exceptional experience," as stated in OPM's "Policies and Instructions for Interpreting Minimum Education Requirements" in section E.4.g. In response, Ms. Senft stated that Mr. Miller still did not

meet the twenty-four semester hour education requirement for this position. The position was ultimately filled by a veteran with a doctorate degree in organizational leadership.

In accordance with the VEOA, Mr. Miller filed a complaint with the Department of Labor (DOL) alleging violation of the VEOA. The DOL denied Mr. Miller's claim, and he appealed to the MSPB. Before the MSPB, he alleged that the FDIC failed to comply with 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) because the FDIC did not credit his experience when evaluating the minimum education requirement. 5 U.S.C. § 3311(2) ("[A] preference eligible is entitled to credit . . . for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor."); 5 C.F.R. § 302.302(d) ("[A]n agency shall credit a preference eligible . . . with all valuable experience.").

The MSPB's administrative judge held a hearing, and issued an initial decision denying Mr. Miller's appeal. The AJ found that "[w]ithout question, the agency considered the appellant's educational background at length." *Miller v. FDIC*, No. SF-3330-12-0711-I-1, 2013 WL 4179817, at *5 (MSPB Mar. 20, 2013) (Initial Decision). The AJ found, based on the testimony of Ms. Senft and Ms. Hand, that the agency "thoroughly considered the appellant's application and other submissions in determining that he did not meet the minimum educational requirements for the Associate Professor position or the rare exception to the mandated minimum education requirements." *Id.* at *7.

Mr. Miller appealed to the full Board. He argued that *Kirkendall v. Department of the Army*, 573 F.3d 1318 (Fed. Cir. 2009), required the Board to assess whether the agency properly weighed and evaluated his experience in

determining that he was not qualified for the Associate Professor position. He stated that the Board is required to assess his qualifications for the position, including whether his "exceptional experience" substituted for the absence of twenty-four semester hours of course credits in the designated fields. The Board disagreed with this statement of the Board's appellate obligations, stating that:

> [U]nder 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), we conclude the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a given position of employment. *See Kirkendall*, 573 F.3d at 1324 ("Section 3311(2) guarantees that any experience of a veteran that is material to the position for which the veteran is examined will be credited. At the very least, 'credited' means 'considered.'") (citation omitted). VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency.

*Miller*, 121 M.S.P.R. at 96.

Mr. Miller appeals, stating that the Board misinterpreted the VEOA and misapplied the statutes and regulations on which the Board relies.

DISCUSSION

A

We review the Board's decision to ascertain whether it was (1) arbitrary, capricious, an abuse of discretion or

otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 785 (Fed. Cir. 2002). Factual findings of the Board are sustained unless they are not supported by substantial evidence. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Veterans' Preference Act of 1944 (VPA), Pub. L. No. 359, ch. 287, 58 Stat. 390, established the principle of veterans' preference, whereby preference eligible veterans receive certain advantages when seeking federal employment. The VPA is codified in scattered sections of Title 5 of the U.S. Code. *See, e.g., Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (discussing some of the statutes and regulations enacted to provide veterans with their preference rights); *Joseph v. FTC*, 505 F.3d 1380, 1381 (Fed. Cir. 2007) (same). The VEOA provides preference eligible veterans with an administrative challenge to an agency hiring decision that a veteran believes violates a veteran's rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a.

"Federal agencies generally use two types of selection to fill vacancies: (1) the open 'competitive examination' process and (2) the 'merit promotion' process." *Joseph*, 505 F.3d at 1381 (citations omitted). The competitive examination process is typically open to the public. 5 C.F.R. § 332.101. The merit promotion process is used when the position is to be internally filled by a current agency employee or a "status" applicant, such as a preference-eligible veteran. *Id.* § 335.103(b)(1). Veterans receive certain advantages under both processes, but the advantages differ. An agency may accept applications under both procedures and retains "the discretion to fill a vacant position by any authorized method." *Joseph*, 505 F.3d at 1384 (citations omitted).

In competitive examination procedures, "an agency must comply with special statutes and regulations when it determines whether a veteran is qualified for a given position." *Lazaro*, 666 F.3d at 1318. Under 5 U.S.C. § 3311(2), when experience is a factor in determining eligibility for a competitive service position, preference eligible veterans are entitled to "credit" "for all experience material to the position." Under 5 C.F.R. § 302.302(d), "an agency shall credit a preference eligible . . . with all valuable experience." Despite these provisions, precedent has recognized that "the VEOA does not enable veterans to be considered for positions for which they are not qualified." *Lazaro*, 666 F.3d at 1319.

On appeal, Mr. Miller argues that the Board misinterpreted the requirements of 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) that an agency must "credit" a preference eligible veteran "for all experience material to the position for which examined." 5 U.S.C. § 3311(2). He argues that the Board applied *Kirkendall* incorrectly in holding that the Board's role "is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history," *Miller*, 121 M.S.P.R. at 96. In response, the FDIC argues that the VEOA does not authorize the Board to conduct a substantive review of a preference eligible veteran's qualifications.

The Board stated that its "role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experience or work history in assessing his qualifications for the vacancy." *Miller*, 121 M.S.P.R. at 96. MPSB review is not so limited. The VEOA, the MSPB statute and regulations, and Federal Circuit and Board precedent all indicate that not only must the MSPB determine whether the experience record was complete, but it must also assess whether that record was adequately considered by the agency. The FDIC is correct that the VEOA does not

authorize the MSPB to conduct, on appeal, a substantive review of the veteran's qualifications and adjudicate the correctness of the agency's hiring decision. But the MSPB must assure that the veteran's experience and work history were actually considered.

The VEOA provides preference eligible veterans with a right to challenge agency hiring decisions that violate a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330(a). Under 5 U.S.C. § 3311(2), when experience is a factor in determining eligibility, preference eligible veterans are entitled to "credit" "for all experience material to the position." Under 5 C.F.R. § 302.302(d), "an agency shall credit a preference eligible . . . with all valuable experience." We have recognized that "the VEOA does not enable veterans to be considered for positions for which they are not qualified." *Lazaro*, 666 F.3d at 1319. *Lazaro* illustrates the operation of the VEOA, whereby the MSPB reviews whether a veteran's qualifications were appropriately determined and considered, without intruding into the selection process when the qualifications were considered.

The court has explained that "[a]t the very least, 'credited' must mean 'considered.'" *Kirkendall*, 573 F.3d at 1324. In *Kirkendall*, the agency had refused to consider military experience submitted in a document separate from an application, and the court held that the agency's refusal to look at a relevant document is a statutory violation of § 3311(2)'s guarantee of credit for all material experience. *See id.* ("We can barely imagine a stronger case of violation of a veteran's preference rights."). *Kirkendall* requires not only a complete record, but consideration of that entire record.

In *Lazaro* the court rejected the Board's ruling that it lacked jurisdiction to review an allegation of failure to credit experience because it would amount to a review of the non-selection action on its merits. The *Lazaro* court

explained that the Board misapplied "sweeping language" that the issue in a VEOA appeal "is not whether a particular personnel action is proper and should be sustained," from *Ruffin v. Department of Treasury*, 89 M.S.P.R. 396, 401 (2001). The court explained "[t]here is simply no way to analyze whether a veteran's preference rights were violated without examining the grounds upon which the veteran's non-selection was predicated." *Lazaro*, 666 F.3d at 1320; *see McCandless v. Merit Sys. Prot. Bd.*, 996 F.2d 1193, 1202 (Fed. Cir. 1993) (holding "[t]he MSPB inquiry into whether it has jurisdiction cannot be . . . divorced from the factual record").

The Board has recognized that "examining the grounds upon which the veteran's non-selection was predicated," *Lazaro*, 666 F.3d at 1320, involves more than determining whether something was improperly omitted, overlooked, or excluded from the agency record. In *Robert E. Miller v. Department of Navy*, the Board applied the principles of *Lazaro,* while recognizing that "the VEOA gives the Board no authority to review the merits of the agency's action beyond determining whether the agency violated a law or regulation related to veterans' preference." 2013 WL 9659019, at *5 (MSPB Nov. 27, 2013). The Board reviewed and upheld the AJ's "analysis of the application process that [the veteran] is entitled to receive," including analyzing the application requirements, the veteran's résumé, and the determination by a specialist at the agency that the veteran lacked the specified experience. *Id* at *5 n.2*; s*ee also Clarke v. Dep't of Navy*, 94 M.S.P.R. 604, 607 (2003) (ruling that MSPB has jurisdiction of VEOA appeals and sustaining the agency's non-selection because nothing in the appellant's application "indicate[d] that this experience 'cumulated to the equivalent of at least two years of full-time special collections work,' as required by the vacancy announcement.").

Applying these principles, in *Phillips v. Department of Navy*, 110 M.S.P.R. 184 (2008), the Board found a VEOA

violation because "[t]here was no evidence in the record that the agency actually considered whether the appellant's listed experience would satisfy OPM's requirement." *Id.* at 188. As remedy, the MSPB ordered the agency to take corrective action and to reconstruct the selection processes.

Although the MSPB does not reevaluate the weight the agency accorded to a veteran's experience, the MSPB's jurisdiction extends to determining whether the agency actually evaluated "experience material to the position," as required by 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d).

B

The Board found, based on review of the record, "that the agency dutifully and thoroughly considered [Mr. Miller's] work history," a finding "reinforced by the fact that the agency solicited additional information from the applicant." *Miller*, 121 M.S.P.R. at 97. The record contains declarations, deposition and hearing testimony, and documentation presented at the hearing conducted by the AJ; this information was discussed in the AJ's initial decision, and reviewed by the full Board.

On this appeal, Mr. Miller concedes that he does not meet the minimum requirement of twenty-four semester hours of coursework. He argues that the FDIC should have found him qualified on the basis of his experience, citing OPM's "Policies and Instructions for Interpreting Minimum Education Requirements," which state that "on rare occasions, there may be applicants who may not meet exactly the educational requirements for a particular series, but who may be in fact demonstrably well qualified to perform the work in a series because of exceptional experience or a combination of education and experience." OPM Qualifications, § E.4.g. To be considered qualified under this exception, "the applicant's work experience must reflect significant full performance-level accom-

plishments directly applicable to the positions to be filled." *Id.*

The Board found that the FDIC evaluated all of Mr. Miller's experience, including supplemental materials, and found that it did not provide the "exceptional," "directly applicable" experience required to bring him within the exception. The record shows that substantial evidence supports the Board's conclusion that the agency "credited" all of Mr. Miller's work history in evaluating the education requirements, thus supporting the Board's finding that 5 U.S.C. § 3311(2) was not violated. Although it is clear that Mr. Miller is highly educated and has substantial experience, it is not the role of the court to determine whether he satisfies the requirements for the position on the basis of his experience.

C

Mr. Miller also argues that the FDIC violated the Delegated Examining Unit Standard Operating Procedure (DEU SOP) by failing to inform him that he could request formal reconsideration. Under the FDIC's DEU SOP, there is a formal reconsideration process initiated by a request in writing from an applicant. The AJ found that the DEU SOP is not a statute or regulation relating to a veterans' preference, and thus is beyond the jurisdiction of a VEOA appeal.

Mr. Miller argues that the AJ erred by limiting witness testimony on the issue of violation of the DEU SOP, because he states that a failure to reconsider experience amounts to a failure to credit experience under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d).

The question is whether the FDIC's failure to notify Mr. Miller of this reconsideration process amounted to a violation of a statute or regulation related to veterans' preference, or a failure to credit experience under § 3311(2). Mr. Miller argues that Ms. Senft should have

realized that he was dissatisfied with the FDIC's final determination and given him notice of the opportunity for reconsideration. At the hearing, in response to a question by the AJ, Ms. Senft stated that the DEU SOP does not require the agency to notify an applicant of the reconsideration process absent a request for additional review or reconsideration by the applicant. Mr. Miller does not argue that he made such a request. On overview of the entirety of the procedures that occurred, we conclude that the AJ did not abuse his discretion in limiting testimony on the FDIC's reconsideration procedures.

## D

Mr. Miller also criticizes the AJ's procedural and discovery decisions. As stated in *Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1378 (Fed. Cir. 1988), "[p]rocedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." Mr. Miller has not established that any of the AJ's discovery or evidentiary rulings caused harm or prejudice that reasonably could have affected the outcome of the case. *See id.* at 1379 ("[I]n order for petitioner to prevail on these issues he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case.").

## CONCLUSION

We conclude that the MSPB erred in insisting that it has no authority or responsibility beyond determining whether the record before the agency was complete. Precedent requires that the Board determine whether the record was adequately considered by the agency. However, in this case the Board did determine that the agency adequately considered the record, including witness testimony at the hearing conducted by the AJ and analysis by the AJ and the full Board. We discern no reversible error in the Board's ruling that a VEOA violation was not shown.

**AFFIRMED**

Each party shall bear its costs.