## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM B. JOLLEY, | DOCKET NUMBER |
| Appellant, | AT-3330-18-0138-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | DATE: May 23, 2022 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>William B. Jolley</u>, Brunswick, Georgia, pro se.

<u>Samuel Williams</u>, Atlanta, Georgia, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal under the Veterans Employment Opportunities Act of 1998 (VEOA) for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    Previously, in the context of an appeal in which he alleged a violation of his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, the appellant, a 10-point preference eligible, also alleged that the agency violated his rights under VEOA when he applied for two positions advertised by the agency as 17-HUD-269 and 17-HUD-270-P, but was not selected. The administrative judge docketed the VEOA claim as a separate appeal which he dismissed for lack of jurisdiction on the basis that the appellant failed to show that he exhausted his remedy with the Department of Labor (DOL)'s Secretary of Labor as required under 5 U.S.C. § 3330a(d)(1). *Jolley v. Department of Housing & Urban Development*, MSPB Docket No. AT-3330-18-0074-I-1, Initial Decision at 1-3 (Nov. 27, 2017). The initial decision became the Board's final decision on January 1, 2018, when neither party filed a petition for review.[2]

¶3    Meanwhile, on December 4, 2017, the appellant filed the instant appeal challenging the agency's failure to "appoint" him to the GS-15 positions of Field Office Director for Louisville, Kentucky and Columbia, South Carolina, in connection with the same vacancy announcements that were at issue in his prior appeal. Initial Appeal File (IAF), Tab 1 at 7. With this appeal, the appellant submitted a copy of a November 29, 2017 letter he received from DOL's Office of the Assistant Secretary for Veterans' Employment and Training Service (VETS), addressing the appellant's complaint, timely filed with VETS on November 7, 2017. *Id.* at 12-13. The letter explained that, after an investigation, it had determined that the evidence did not support the appellant's allegation that

---

[2] The appellant sought review of this matter with the U.S. Court of Appeals for the Federal Circuit and the court affirmed the Board's final decision. *Jolley v. Merit Systems Protection Board*, 752 F. App'x 964 (Fed. Cir. 2018).

the agency violated his veterans' preference rights, that it had closed his claim as without merit, and that he had a right to appeal his case to the Board within 15 days. *Id.*

¶4 During pendency of the appeal, the administrative judge perceived as dispositive the issue of whether, based on the status of the appellant's first appeal, adjudication of the instant appeal might be barred by res judicata or collateral estoppel, and he ordered the appellant to file evidence and argument to show good cause why his appeal should not be dismissed under either of the two doctrines. IAF, Tab 9.

¶5 In an initial decision based on the written record, the administrative judge found that the appellant was barred by collateral estoppel from relitigating the Board's jurisdiction over his VEOA claim, and he dismissed the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 1-3. The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4.

¶6 To establish that the Board has jurisdiction over his appeal under VEOA, the appellant must: (1) show that he exhausted his remedy with DOL; and (2) make a nonfrivolous allegation that (a) he is a preference eligible within the meaning of VEOA, (b) the action at issue took place on or after the October 30, 1998 enactment of VEOA, and (c) the agency violated his rights under a statute or regulation relating to veterans' preference. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008).

¶7 To meet the VEOA exhaustion requirement, the appellant must establish that: (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 7 (2007). Based on the appellant's failure to provide sufficient proof of exhaustion in his first appeal, the administrative judge appropriately determined that the Board

lacked jurisdiction over his appeal under VEOA. However, in the instant appeal, at the very outset, the appellant submitted evidence showing that he exhausted the DOL complaint process concerning his nonselection for the same GS-15 positions under the same vacancy announcements. IAF, Tab 1 at 12-13.

¶8 Moreover, the record reflects that the appellant satisfied the remaining requirements for establishing the Board's jurisdiction over his VEOA appeal. Specifically, he nonfrivolously alleged that: (a) he is a preference eligible within the meaning of VEOA; (b) the action at issue took place after the October 30, 1998 enactment of VEOA; and (c) the agency violated his veterans' preference rights. IAF, Tabs 1, 7; *see Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016); *Haasz*, 108 M.S.P.R. 349, ¶ 7 (explaining that an appellant's allegation, in general terms, that his veterans preference rights were violated is sufficient to meet the nonfrivolous allegation requirement).

¶9 Accordingly, we find that the appellant exhausted the DOL complaint process and established the Board's jurisdiction under VEOA based on an alleged violation of the veterans' preference rights concerning his nonselection for the positions advertised under vacancy announcements 17-HUD-269 and 17 HUD-270-P. The record further reflects that the appellant timely filed his VEOA appeal with the Board on December 4, 2017, which is within 15 days after the date he received written notice from DOL of the results of its investigation. 5 U.S.C. § 3330a(d)(1); IAF, Tab 1.

**ORDER**

¶10    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          <u>        /s/ for              </u>

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.