## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC WILLIAMS,
              Appellant,

        v.

DEPARTMENT OF THE NAVY,
              Agency.

DOCKET NUMBER
AT-3330-17-0518-I-1

DATE: August 30, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Eric Williams</u>, North Charleston, South Carolina, pro se.

<u>Patricia Reddy-Parkinson</u>, Portsmouth, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed some of his Veterans Employment Opportunities Act (VEOA) of 1998 claims regarding his nonselection for a position for lack of jurisdiction and denied corrective action on his remaining claims. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant exhausted his claims concerning his eligibility for the position at issue, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant, a 30% disabled, preference-eligible veteran, applied for a GS-0510-09 Accountant position at four separate locations under vacancy announcement number SE70510-12-1913757M3598787D. Initial Appeal File (IAF), Tab 6 at 6, 11, 28, 33. Based on his online responses to the self-assessment questionnaire, he self-certified in the Highly Qualified (HQ) category with a score of 87. IAF, Tab 6 at 40-48, Tab 17 at 23. The appellant was notified that his application was not referred to the selecting official for any of the locations because he did not rank in the Best-Qualified (BQ) category. IAF, Tab 6 at 51, 53-56. Subsequently, the agency merged the BQ and HQ categories for one of the locations because it did not have a sufficient number of names to pass along to the selecting official. IAF, Tab 17 at 15-16, 23. The appellant initially was included in that merged category based on his self-certified rating. *Id.* at 23. As with all of the candidates in the merged category, the

agency conducted a more extensive review of the appellant's qualifications to ensure that he met the specialized experience requirements of the position. *Id.* At that time, the agency determined that the appellant lacked the requisite experience, rated him ineligible, and removed him from the certificate and from consideration for the position. *Id.*

¶3 The appellant filed a complaint with the Department of Labor (DOL), alleging that the agency violated his rights under 5 U.S.C. § 3309 and 5 C.F.R. § 337.101(b)(1) by failing to credit him with 10 additional points in accordance with his veterans' preference; under 5 U.S.C. § 3313 for failing to place his name on a certificate; under 5 U.S.C. § 3317 by failing to provide the hiring official three names for each individual vacancy; and under 5 U.S.C. § 3318 by selecting nonveterans over him. IAF, Tab 18 at 6. DOL advised the appellant that it had completed its investigation into his complaint and determined that his allegations had "no merit." IAF, Tab 6 at 13.

¶4 The appellant then filed a timely appeal, reasserting the alleged violations of his veterans' preference rights that he raised before DOL and raising additional VEOA claims. IAF, Tab 1 at 4-6, Tab 7. He requested a hearing, which the administrative judge denied as untimely. IAF, Tab 7 at 1, Tabs 11, 13.

¶5 After the close of the record, the administrative judge issued an initial decision on the written record. IAF, Tab 19, Initial Decision (ID). He found that the appellant exhausted the claims raised in his DOL complaint: (1) that he was denied additional points consistent with his veterans' preference; (2) that the agency failed to place him on the certificate; (3) that the hiring official failed to include enough names on the certificate; and (4) that the agency selected nonveterans over him without following the passover procedures. ID at 1, 3-4. However, he found that the appellant did not prove those alleged violations and denied the appellant corrective action as to those claims. ID at 5-10. He also considered the appellant's remaining claims, which he summarized as follows: (1) the agency failed to credit all of his relevant experience, in violation of

5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d); (2) the agency improperly rated him ineligible or unqualified; (3) the agency violated 5 U.S.C. § 3319 by failing to apprise applicants of its intent to use category rating and to include a description of those categories in the vacancy announcement; (4) the agency discontinued consideration of his application without advanced notice; and (5) the agency violated 5 C.F.R. part 330 by selecting candidates for the positions at Charleston Air Force Base, South Carolina, from outside of the local commuting area. ID at 4-5; IAF, Tab 1 at 4-6, Tab 7 at 2-7, Tab 10 at 2-7. The administrative judge dismissed those claims for lack of jurisdiction because the appellant did not prove that he exhausted them with DOL. ID at 4-5.

¶6        The appellant has filed a petition for review and attached documents, which were entered into the record below. Petition for Review (PFR) File, Tab 1. The agency has not submitted a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant only exhausted those VEOA claims that he explicitly raised in his DOL complaint.

¶7        On review, the appellant challenges the administrative judge's finding that he did not exhaust his remaining claims, ID at 4-6, apparently arguing that his general assertion in his DOL complaint that the agency violated his veterans' preference rights in connection with the selection process at issue was broad enough to encompass those specific claims. PFR File, Tab 1 at 3-6. That is not the correct standard for assessing exhaustion. *See Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶¶ 8-11 (2012) (finding that an appellant's reference to the pertinent vacancy announcement, by itself, is not sufficient to inform DOL of any particular, alleged veterans' preference violation). However, as discussed below, we find that the appellant did in fact exhaust his claims regarding his eligibility for the position.

¶8        To establish Board jurisdiction over a VEOA appeal an appellant must, among other things, show that he exhausted his administrative remedy with DOL.

*Id.*, ¶ 8. A DOL complaint must include a summary of the allegations that form the basis of a VEOA claim, from which DOL has the opportunity to conduct an investigation that might lead to corrective action before involving the Board. *Id.* Thus, the appellant exhausted those claims raised in his summary of allegations. *Id.* By alleging that the agency was required to follow the passover procedures outlined in 5 U.S.C. § 3318 because he was a "*qualified* 30% disabled [v]eteran," IAF, Tab 18 at 6 (emphasis added), the appellant expressly raised the issue of his eligibility before DOL. In his Board appeal, the appellant further alleged that the agency did not consider all of his relevant experience, as required by 5 U.S.C. § 3311 and 5 C.F.R. § 302.302(d). IAF, Tab 7 at 2-3. His eligibility claims encompass the alleged violations of these provisions. Because the appellant afforded DOL the opportunity to conduct an investigation into those issues, we find that he exhausted those claims. *See Graves*, 117 M.S.P.R. 491, ¶ 8. We therefore modify the initial decision accordingly and consider the appellant's eligibility arguments on review.

¶9        As to the appellant's remaining claims, we agree with the administrative judge that he did not exhaust them before DOL because he did not raise them in his DOL complaint. ID at 4-5; *see Graves*, 117 M.S.P.R. 491, ¶ 11 (explaining that the exhaustion requirement is mandated by statute and evidence and argument as to exhaustion is not to be liberally construed). The appellant offers no new proof on review that he satisfied the exhaustion requirement with respect to those claims; therefore, the Board has no jurisdiction to consider them.

The appellant is not entitled to corrective action.

¶10        The appellant further alleges that the administrative judge failed to consider two of the claims over which exhaustion was found—that the agency violated his rights under 5 U.S.C. § 3313 by failing to place his name on the certificate and under 5 U.S.C. § 3318 by passing him over without proper notice or approval

from the Office of Personnel Management (OPM).[2] PFR File, Tab 1 at 6-7. As to those claims, the appellant asserts that his initial rating of "eligible" should control. *Id.* He thereby reasons that he had a right, under 5 U.S.C. § 3313, to be placed on the certificate. He further argues that his disqualification from selection should be treated as a nonselection of a qualified 30% disabled veteran, effectively equating the agency's decision to change his rating to ineligible and remove him from the certificate to a passover of a qualified preference eligible without notice or OPM approval—a violation of 5 U.S.C. § 3318. *Id.* at 7-10.

¶11        While the appellant argues that 5 U.S.C. § 3318 applies, he has not alleged that the administrative judge erred in finding that the agency utilized category rating. ID at 7. We discern no error in that finding. IAF, Tab 17 at 4-24; *see* 5 U.S.C. § 3319(a)-(b) (authorizing agencies to evaluate candidates for competitive-service positions using category rating, the process of grouping candidates into two or more quality categories, rather than ordering candidates based on their assigned numerical ratings). The administrative judge properly analyzed the appellant's passover claim under 5 U.S.C. § 3319, the provision governing a preference eligible's passover rights under category rating.

¶12        As to the appellant's eligibility claims, as a preference eligible, he is entitled to have all of his relevant, material experience considered, when experience is a qualification measure. 5 U.S.C. § 3311; *Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009) (explaining that, "[a]t the very least, 'credited' must mean 'considered'"); 5 C.F.R. § 302.302(d). Moreover, if the appellant is qualified for the position, he would be entitled to be placed on the certificate, 5 U.S.C. § 3313; and he could not be passed over for candidates "in the same category from which a selection [wa]s made," unless the agency first satisfied the passover procedures outlined in 5 U.S.C. §§ 3317(b) and 3318(c) and

---

[2] The appellant has not expressly challenged the administrative judge's denial of corrective action relating to the remaining claims over which he found Board jurisdiction. We therefore need not discuss those issues on review.

5 U.S.C. § 3319(c)(7).  For the reasons below, we find that the appellant has failed to show that he was eligible for the positions.

¶13     We discern no basis for finding that the appellant's self-certification of highly qualified established that he was eligible for the position.  Nothing in the statute governing category rating or its implementing regulations required the agency to rely on the appellant's self-assessment of eligibility or prohibited its human resources specialist from conducting a review of his application to ensure that he was qualified for the position.  *See* 5 U.S.C. § 3319; 5 C.F.R. part 337, subpart C; *cf. Russell v. Department of Health & Human Services*, 120 M.S.P.R. 42, ¶¶ 9-13 (2013) (scrutinizing an agency's decision to subsequently rate a preference-eligible applicant ineligible because it already had found, based upon an individualized assessment of his application, him qualified).

¶14     Moreover, the appellant has not shown that the agency erred in rating him ineligible for failing to meet the specialized experience requirement.  Under OPM's classification and qualification standards for a GS-0510-09 position, applicants must meet the basic entry qualifications, which the appellant met because he earned a bachelors' degree in Accounting.  IAF, Tab 6 at 29, 60, 62.  He also needed 1 year of specialized experience equivalent to at least the GS-07 level.  *Id.* at 61-62.  Generally, an applicant can meet that specialized experience requirement based on his prior experience, qualifying graduate-level education, or a combination of both.  *Id.* at 62-65; *see generally Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 10 (2006) (applying the specialized experience requirement to a preference-eligible candidate).  However, the appellant had no graduate education on which to rely.  IAF, Tab 6 at 20-31.

¶15     The agency also found that the appellant could not qualify for the position at the GS-09 level based on his experience.  IAF, Tab 17 at 23.  It was appropriate for the administrative judge to rely on that finding, ID at 9-10, because the agency made that determination after considering the entirety of the appellant's résumé, which included his military and work history, and assessing

that experience against OPM standards.  IAF, Tab 6 at 20-26, Tab 17 at 23; *see Miller v. Federal Deposit Insurance Corporation*, 818 F.3d 1361, 1365-67 (Fed. Cir. 2016) (finding that 5 U.S.C. § 3311 and 5 C.F.R. § 302.302(d) require the Board to determine whether, based on evidence in the record, the agency reviewed and adequately considered the entirety of a preference eligible's experience listed in his application).  The appellant has not identified any other relevant application materials that the agency should have considered but did not or other error in the scope of the agency's review.  *Cf. Kirkendall*, 573 F.3d at 1323-25 (reversing the Board decision and finding that the agency violated the appellant's veterans' preference rights by failing to consider his military experience included in documentation appended to his application for a position).  Instead, he effectively sought an independent eligibility determination from the Board based on its own qualitative analysis of his experience.  IAF, Tab 10 at 3-6.  VEOA does not authorize the Board to undertake that substantive review. *See Miller*, 818 F.3d at 1367.  Therefore, we find that the appellant has not shown that he had the required 1 year of specialized experience as identified in the vacancy announcement.  IAF, Tab 6 at 7, 20-31, 60-65.

¶16      As a result, even considering the appellant's eligibility arguments, we agree with the administrative judge that the appellant was ineligible for the position. ID at 9-10; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Consequently, the appellant was not entitled to be placed on any of the certificates.  *See Clarke v. Department of the Navy*, 94 M.S.P.R. 604, ¶ 8 (2003) (explaining that VEOA does not provide that veterans will be considered eligible for positions for which they are not qualified).  We therefore find that the agency did not violate the appellant's veterans' preference rights under 5 U.S.C. §§ 3311, 3313, and 3319(c)(7), or 5 C.F.R. § 302.302(d), and that the administrative judge properly denied the appellant's request for corrective action.

<u>The appellant has not shown that the administrative judge was biased.</u>

¶17    Finally, the appellant argues on review that the administrative judge was disingenuous and unfair to him during the course of the proceedings and exhibited bias by denying his request for corrective action.  PFR File, Tab 1 at 5-9.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The appellant's claims, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome that presumption, nor establish a deep-seated favoritism or antagonism.

¶18    Accordingly, we deny the appellant's petition for review and affirm the initial decision, as modified.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: /s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.