**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIUS JACKSON, | DOCKET NUMBER |
| Appellant, | AT-3330-18-0472-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: March 13, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Danius Jackson, Georgetown, Kentucky, pro se.

Tsopei Robinson, West Palm Beach, Florida, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed an appeal alleging that the agency violated his veterans' preference rights under VEOA in connection with his application for a position as a Police Officer, GS-0083-6, under vacancy announcement number CBAJ-18-10118605-MP, which recruited for vacancies in Clarksville, Murfreesboro, and Nashville, Tennessee. Initial Appeal File (IAF), Tab 1. The administrative judge issued a jurisdictional order explaining the applicable burdens under VEOA and ordered the appellant to file evidence and argument establishing the Board's jurisdiction. IAF, Tab 3 at 1-7. The administrative judge also informed the appellant that, if the appellant established Board jurisdiction, he would adjudicate the appeal after holding a hearing or after allowing for further development of the written record. *Id*. at 7. The appellant did not respond to the jurisdictional order.

Without holding a hearing, the administrative judge issued a decision on the merits, denying the appellant's request for corrective action. IAF, Tab 6, Initial Decision (ID). The administrative judge found that, although the appellant established Board jurisdiction, he was not entitled to corrective action under

VEOA. ID at 4-7. In particular, the administrative judge found that the record reflected that the agency considered the appellant's application and provided him an opportunity to compete for the position. ID at 6. The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

When an agency accepts applications from individuals outside its own workforce under merit promotion procedures, it must allow "preference eligibles and veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service" the opportunity to compete. 5 U.S.C. § 3304(f)(1). Here, the agency accepted applications from outside its workforce under merit promotion procedures, and thus, the provisions of 5 U.S.C. § 3304(f)(1) apply. IAF, Tab 5 at 8; s*ee Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶¶ 2-5, 11 (2013).

The record reflects that the agency found the appellant qualified for the position and referred him to the selecting official, but did not interview him or select him for the position.[2] IAF, Tab 5 at 6, 16, 55-57, 63, 67, 71. Thus, as the administrative judge correctly found, the agency allowed the appellant to compete for the position on the same basis as all of the other candidates. ID at 6. The statute, 5 U.S.C. § 3304(f)(1), requires nothing more. *See, e.g., Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 11 (2014) (stating that, in a right to compete VEOA appeal under 5 U.S.C. § 3304(f)(1), the Board does not determine whether a preference eligible is qualified for a particular position of Federal employment or whether he should have been selected for the position in question, but rather only assesses whether the

---

[2] Although, as the administrative judge found, it appears that the agency did not make a selection for the vacancy in Clarksville, Tennessee, IAF, Tab 5 at 62-65, the Board has held that an agency's decision not to fill a particular vacancy does not violate a veteran's preference rights, *see Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶ 10 (2002), *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

preference eligible was permitted to compete for the position on the same basis as other candidates), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016)

<u>We will consider the appellant's evidence and argument submitted for the first time on review because the administrative judge failed to issue a close of record order.</u>

Because the administrative judge found Board jurisdiction under VEOA and declined to hold a hearing, ID at 1, 4-5, he was responsible for notifying the parties that there would be no hearing, for setting a date on which the record would close, and for affording the parties the opportunity to submit evidence regarding the merits of the appeal before the record closed, *Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010). Instead, the administrative judge closed the record in this VEOA appeal without affording the parties proper warning or an opportunity to make final submissions. Thus, we find it appropriate to consider the appellant's arguments and evidence submitted for the first time on review. *See Jarrard*, 113 M.S.P.R. 502, ¶ 14 n.2. Nonetheless, we find that remand is unnecessary because there is no genuine dispute of material fact, and that the agency must prevail as a matter of law. *See Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009) (stating that the Board may decide the merits of a VEOA appeal without a hearing where there is no genuine dispute of material fact and one party must prevail as a matter of law).

On review, the appellant appears to dispute the agency's contention below that it did not find him to be eligible for reinstatement because he failed to submit a standard form 50 for his prior service at the Veterans Administration. IAF, Tab 5 at 5; PFR File, Tab 1 at 5. Such an argument, however, is unrelated to the appellant's status as a veteran and does not establish a violation of the appellant's veterans' preference rights under VEOA, which, as discussed, only required the agency to afford the appellant an opportunity to compete for the position. Moreover, the Board otherwise lacks jurisdiction over an agency's decision not to

reinstate an employee pursuant to 5 C.F.R. § 315.401.  *See Hicks v. Department of the Navy*, 33 M.S.P.R. 511, 513 (1987).

On review, the appellant also disputes the agency's decision not to hire him and argues that he is qualified as evidenced by his receipt of several job offers for police officer positions with other Federal agencies.  PFR File, Tab 1 at 5-6, 11-23.  However, as discussed above, in a right to compete VEOA appeal, the Board does not determine whether a preference eligible is qualified for a particular position or whether he should have been selected for the position. *Miller*, 121 M.S.P.R. 88, ¶ 11.  The appellant also alleges that the agency's decision not to select him constitutes reprisal for a prior equal employment opportunity (EEO) complaint that he filed against the agency as well as race discrimination.[3]  PFR File, Tab 1 at 5, 9-10.  In support of this argument, he submits documents relating to his EEO complaint.  *Id*. at 24-43.  However, the Board has no authority to review claims of reprisal or discrimination based on race in VEOA appeals.  *See Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 8 (2009); *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001).

Finally, to the extent the appellant argues that the agency violated his veterans' preference rights in connection with vacancy announcement CBAJ-10266706-18-MP, PFR File, Tab 1 at 6-8, such a claim was the subject of the appellant's separate appeal docketed as *Jackson v. Department of Veterans Affairs*, MSPB Docket No. AT-3330-19-0144-I-1, and the Board issued a separate decision regarding the appellant's petition for review in that matter.

---

[3] The appellant also states that African American applicants who were also disabled veterans were rejected without an explanation.  IAF, Tab 1 at 5; PFR File, Tab 1 at 9.  It is not clear whether the appellant is attempting to raise a claim that the agency's decision not to hire him constituted discrimination based on his uniformed service in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  However, there is no time limit for filing a USERRA appeal with the Board.  Thus, if the appellant wishes to pursue such a claim, he must file a new appeal with the Board's Atlanta Regional Office.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlinereceived by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.