# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONNA E. TRAYLOR,
   Appellant,

  v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER
DA-1221-17-0164-W-1

DATE: February 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donna E. Traylor</u>, Lawton, Oklahoma, pro se.

<u>Lisa R. Bloom</u>, Fort Sill, Oklahoma, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's arguments on review and find that she made a nonfrivolous allegation that she engaged in protected activity by disclosing information to an Inspector General (IG), we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed a timely IRA appeal alleging that her former employer, the Department of the Army, issued her a Letter of Reprimand, scheduled a mental health appointment for her, and subjected her to a hostile and toxic work environment, in retaliation for making protected disclosures to the IG on or about February 23-24, 2016, and the Information Technology (IT) staff on February 22, 2016.[2] Initial Appeal File (IAF), Tab 1 at 3, 13-14, 17, 22; Tab 5 at 2; Tab 10 at 1-3; Tab 18, Initial Decision (ID) at 3-4. The "protected" information that she allegedly disclosed to the IT staff was that someone had illegally accessed her Government email account when she was not at work. IAF, Tab 1 at 3, 10; Tab 10 at 1. The appellant described the rule and regulation that were violated as Agency Rule 25-2 and the Fort Sill Cyber Readiness Tip Card. IAF, Tab 5 at 1.

---

[2] The appellant stated on her appeal form that she resigned from her position on August 8, 2016, although she was working for the agency as a Secretary when the alleged retaliation occurred. IAF, Tab 1 at 5, Tab 9 at 7.

The appellant did not provide copies of either rule or regulation that the agency allegedly violated.

The appellant further alleged that she disclosed "the access issue" to the IG in an attempt to get assistance in obtaining computer access logs from her agency's IT office. IAF, Tab 1 at 13; Tab 10 at 1-2. With her appeal form, she attached her February 29, 2016 Letter of Reprimand, a separate letter issued by the agency on the same date offering her a medical examination, the subsequent whistleblowing complaint that she filed with the Office of Special Counsel (OSC), and the December 29, 2016 letter issued by OSC terminating its investigation of her complaint and notifying her that she could seek corrective action from the Board. IAF, Tab 1 at 10-27.

The administrative judge issued a show cause order informing the appellant of her burden to establish jurisdiction over her claims as an IRA appeal. IAF, Tab 3. After the appellant and the agency responded to the order, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the hearing that the appellant requested. IAF, Tabs 1 at 2; 5, 7, 9-11, 13; ID at 1 & n.1. In reaching her decision, the administrative judge found that the appellant had exhausted her administrative remedy with OSC and nonfrivolously alleged that her February 29, 2016 Letter of Reprimand and referral to a mental health examination were personnel actions within the meaning of 5 U.S.C. § 2302(a)(2). ID at 7, 9-10. However, the administrative judge found that the appellant failed to make nonfrivolous allegations of facts which demonstrated that she disclosed information that she reasonably believed evidenced a violation of law, rule, or regulation, or an abuse of authority. ID at 9-10.

The appellant has filed a petition for review in which she disputes the administrative judge's finding that she failed to nonfrivolously allege that she made a protected disclosure that was a contributing factor in the agency's issuance of her Letter of Reprimand and referral for a mental health examination.

Petition for Review File (PFR) File, Tab 1 at 1.  The appellant also alleges that the administrative judge abused her discretion and denied the appellant due process by failing to consider evidence and unfairly ruling against the appellant on discovery issues and other requests that she made on appeal.  *Id*. at 1-3.  The appellant resubmits certain documents that were a part of the record below.  *Id*. at 4-11; IAF, Tab 7 at 4-6; Tabs 8, 12.  The agency has not filed a response to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a whistleblowing disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action.[3]  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 7 (2011).  Under the Whistleblower Protection Enhancement Act of 2012, vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal.  *See, e.g.*, *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014) (concluding that to establish jurisdiction over an IRA appeal, an appellant must make a specific and detailed allegation of wrongdoing, rather than a vague one); 5 C.F.R. §§ 1201.4(s) (a nonfrivolous allegation must be more than conclusory), 1201.57.

The administrative judge in this appeal found, among other things, that the appellant had exhausted her remedies with OSC, but that the disclosures she made

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

to the agency's IT staff were lacking in adequate specificity to constitute a nonfrivolous allegation of a protected disclosure. ID at 3-5, 8-9. For the reasons discussed below, we find that the appellant's arguments on review present no basis for disturbing the initial decision dismissing this appeal for lack of jurisdiction.

The appellant has not made a nonfrivolous allegation that she engaged in whistleblowing activity.

On review, the appellant does not dispute the administrative judge's finding that the disclosures she made to the agency's IT staff and agency management, concerning her work email being accessed by an unknown person, did not satisfy the Board's nonfrivolous pleading standard. Neither party has challenged this finding, and we decline to disturb it on review. The appellant argues instead that she met the nonfrivolous pleading standard based on her disclosure to the IG. PFR File, Tab 1 at 1-2. In her initial decision, the administrative judge did not address the appellant's disclosure to the IG. Thus, we consider it now.

In her OSC complaint, the appellant indicated that, on February 24, 2016, she "[r]eported [the] access issue to [the] IG in [an] attempt to receive access logs from [the] local IT office." IAF, Tab 1 at 13. She did not submit a copy of her IG complaint with her Board appeal but she alleged that her disclosure to the IG, in addition to her disclosures to the agency's IT staff, was a contributing factor in the personnel actions taken against her. IAF, Tab 10 at 1. Regarding the contents of her disclosure to the IG, the appellant alleged only that she contacted the IG for assistance with obtaining the access logs for her computer "because [she] knew the IG had the authority to retrieve [those] logs straight from the Defense Information Systems Agency."[4] PFR File, Tab 10 at 1.

_____

[4] The appellant explained that the agency's Network Enterprise Center (NEC) investigated her claim that someone accessed her work email account on February 16, 2016, reviewed her computer access logs, and reported that no one had accessed her computer. PFR File, Tab 10 at 1. The appellant asserted that she sought assistance from the IG in obtaining the access logs from NEC for review by the agency's IT staff. *Id.*

A protected disclosure includes "any disclosure . . . to the Inspector General of an agency . . . of information which the employee . . . reasonably believes evidences" any violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(B). The test of a reasonable belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced one of the types of wrongdoing listed above. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 13 (2015).

The appellant's alleged disclosure to the IG refers only to her identifying an "access issue" and requesting assistance in obtaining her computer access logs for review. We find that a reasonable person in the appellant's position would not have believed her allegations evidenced any situation specified in 5 U.S.C. § 2302(b)(8). Accordingly, we find that the appellant did not make a nonfrivolous allegation that she made a protected disclosure to the IG that could have served as a contributing factor in the alleged personnel actions. *See Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 12 (2000) (concluding that the appellant's statement that he met with the agency IG to report "on-going fraud in [Resource Sharing] contracts" lacked the detail necessary to constitute a nonfrivolous allegation of a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or danger to public health or safety).

The appellant made a nonfrivolous allegation that she engaged in protected activity by disclosing information to the IG.

Under 5 U.S.C. § 2302(b)(9)(C), however, an employee engages in protected activity when she discloses information to the IG in accordance with applicable provisions of law. We find that the appellant made a nonfrivolous allegation that she engaged in protected activity by disclosing information to the IG. IAF, Tab 1 at 13, Tab 10 at 1-2; *see Fisher v. Department of the Interior*,

2023 MSPB 11, ¶ 8 (finding that the appellant's disclosure to the Office of Inspector General constituted protected activity under 5 U.S.C. § 2302(b)(9)(C)). Accordingly, we must determine whether the appellant has made a nonfrivolous allegation that her protected activity was a contributing factor in the agency's decision to issue her a Letter of Reprimand or refer her for a mental health examination.

<u>The appellant did not make a nonfrivolous allegation that her protected activity was a contributing factor in a personnel action taken against her.</u>

To establish the Board's jurisdiction, an appellant also must nonfrivolously allege that her protected activity was a contributing factor in the decision to take or fail to take, or threaten to take or fail to take, a personnel action against her. *Yunus*, 242 F.3d at 1371. To satisfy the contributing factor criterion at the jurisdictional stage of the case, the appellant need only raise a nonfrivolous allegation that the fact of, or the content of, her protected activity was one factor that tended to affect a personnel action in any way. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the protected activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the protected activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *Sherman*, 122 M.S.P.R. 644, ¶ 8.

There are other ways to allege contributing factor as well. The Board will consider any relevant evidence on the contributing factor question, including the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing or activity was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate. *Powers v. Department of the Navy*, 97 M.S.P.R. 554, ¶ 22 (2004). The

whistleblower also may show that the official accused of taking retaliatory action had imputed knowledge of the protected disclosure or activity by showing that individuals with actual knowledge of it influenced the official's action. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 22 (2010).

Here, the appellant does not allege that the agency official who issued her February 29, 2016 Letter of Reprimand and Offer of Medical Examination had any knowledge that she made a disclosure to the IG on February 24, 2016, or was influenced by any individuals who did have knowledge of her protected activity. Nor does she allege that the information she disclosed to the IG was personally directed at the individuals involved in the alleged personnel actions, or allege any other facts to show they had a potential motive to retaliate for her protected activity. Although the appellant addresses the strength of the agency's evidence supporting her Letter of Reprimand, claiming that one incident included by the agency in her Letter of Reprimand was not justified, PFR File, Tab 1 at 2, she does not allege any facts casting doubt on the numerous other incidents specified by the agency as the reasons for her reprimand, *see* IAF, Tab 1 at 23-25.[5] We therefore find that the appellant's vague, conclusory, unsupported allegation that her protected activity in disclosing information to the IG was a contributing factor in the personnel actions taken against her does not meet the nonfrivolous pleading standard. PFR File, Tab 1 at 1-2; IAF, Tab 10 at 1-2; *see Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015). Accordingly, we find that a reasonable person could not conclude that the disclosure was a contributing factor in the alleged personnel actions. We therefore affirm the administrative judge's decision to dismiss this IRA appeal for lack of jurisdiction.

_____

[5] The appellant does not allege any facts to establish a connection between her protected activity and the agency's decision to offer her a medical examination at the Army's occupational health clinic.

<u>The appellant's remaining arguments on review do not warrant a different outcome.</u>

On review, the appellant argues that the administrative judge abused her discretion and deprived her of due process by: (1) failing to consider an unspecified statement provided by the appellant; (2) granting the agency additional time to file a pleading on appeal over her objection; (3) denying the appellant's motion to compel discovery; and (4) giving the agency an unfair advantage "because the Agency had a responsibility to attach a Certificate of Service . . . to [her] letter [and] to the Board[']s as [well]" and the agency did not address issues outlined in the unspecified letter as the basis for dismissing her appeal. PFR File, Tab 1 at 2-3.

The appellant's arguments, however, do not change our determination that the Board lacks jurisdiction over this appeal. The appellant does not identify the document that the administrative judge allegedly failed to consider. Accordingly, she has not shown how the alleged error prejudiced her substantive rights. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). Moreover, an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The remaining decisions challenged by the appellant fall within the administrative judge's broad scope of authority and discretion to control the proceedings before her, and we find no reversible error here. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶¶ 19-20 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016). For example, the administrative judge denied the appellant's motion to compel because her motion did not comply with the discovery procedures of 5 C.F.R. § 1201.73(c). IAF, Tabs 14, 17 at 2-3. The appellant does not dispute this finding on review.

Finally, to the extent that the appellant is claiming adjudicatory bias on review, there is a presumption of honesty and integrity on the part of administrative judges, and the Board will not infer bias based on an administrative judge's case-related rulings. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id.* We find that the appellant's broad, general allegation of bias on review is not sufficient to rebut the presumption of the administrative judge's honesty and integrity. Accordingly, we affirm the initial decision dismissing this IRA appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.